**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

GEORGE P. AMADO                                                                                      PETITIONER

VS.                                              2:06CV00178 SWW/JTR

LINDA SANDERS, Warden,
FCI Forrest City, Arkansas                                                                     RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.	An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A-149
> Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Docket entry #1.) Respondent has filed a Response (docket entry #5), to which Petitioner has filed a Reply. (Docket entries #11 and #12.) Thus, the issues are joined and ready for disposition.

Before addressing the merits of Petitioner's habeas claims, the Court will review the relevant procedural history of this case. On June 25, 1993, Petitioner pleaded guilty to two counts of possession of heroin with intent to deliver in the United States District Court for the District of Rhode Island. *See United States v. Amado*, D. R.I. No. 1:93CR00031 at docket entry #14. On September 10, 1993, Petitioner was sentenced to an aggregate of twenty-seven months' imprisonment, to be followed with five years of supervised release. *United States v. Amado*, D. R.I. No. 1:93CR00031 at docket entry #19. According to BOP records, Petitioner was released from the BOP on February 24, 1995. (Docket entry #5, Ex. 1.)

On March 8, 1996, Petitioner was arrested by Rhode Island state authorities and charged with the manufacture/delivery of schedule I/II controlled substances, and conspiracy to violate the

Controlled Substances Act.  (*State v. Amado*, Providence Rhode Island Superior Court No. P2964148A; docket entry #5, Declaration of Daniel Stevenson at ¶ 4; Docket entry #5, Ex. 8.)  It appears Petitioner was later released on bond pending trial.

On September 10, 1996, Petitioner was arrested by Rhode Island state authorities on a charge of obstructing a police officer.  According to the history contained in Petitioner's federal Presentence Investigation Report ("PSR"), Petitioner was "released on $2,000 personal recognizance" on the obstruction of a police officer charge, but was "held without bail" on the still pending state-court drug charges on which he had previously been released in Case No. P2964148A.[1]

On October 3, 1996, Petitioner was indicted in the United States District Court for the District of Rhode Island on two counts of distribution of heroin.[2]  *United States v. Amadao*, D. R.I. No. 1:96CR00072 at docket entries #1 and #2.)  He appeared for arraignment on these federal charges on October 15, 1996, pursuant to a Writ of Habeas Corpus *Ad Prosequendum*.[3]  *United States v. Amado*, D. R.I. No. 1:96CR00072 at docket entries #4 and #5.

On November 12, 1996, Petitioner appeared before a United States Magistrate Judge for a preliminary proceeding in connection with the revocation of his supervised release (in the original

---

[1] Thus, after picking up new charges for obstructing a police officer, it appears Petitioner's bond was revoked in Case No. P2964148A.

[2] It appears that Petitioner's state and federal drug charges did *not* encompass the same criminal conduct.  According to Petitioner's federal PSR, the state drug charges in Providence Rhode Island Superior Court No. P2964148A were based on a controlled drug buy that occurred on March 5, 2006.  The Judgment in *United States v. Amado*, D. R.I. No. 1:96CR00072-T-1 reflects that the conduct underlying the two heroin distribution charges occurred on April 4, 1996, and April 26, 1996.

[3] The same day that Petitioner was arraigned, the docket sheet reflects that a detention hearing was held, and that Petitioner was ordered detained on the federal charges.

federal case) pursuant to a Writ of Habeas Corpus Prosequendum. *United States v. Amado*, D. R.I. No. 1:93CR00031 at docket entries #36 and #37. On December 13, 1996, Petitioner appeared before a United States District Judge on a Writ of Habeas Corpus *Ad Prosequendum* for a supervised release revocation hearing. *United States v. Amado*, D. R.I. No. 1:93CR00031 at docket entry #41. The United States District Judge adopted the Magistrate Judge's Report and Recommendations and sentenced Petitioner to twelve months incarceration in the BOP for violating the conditions of his supervised release.

On December 16, 1996, Petitioner entered a guilty plea in *United States v. Amado*, D. R.I. No. 1:96CR00072 at docket entry #16. On May 16, 2007, Petitioner returned to United States District Court for sentencing pursuant to a Writ of Habeas Corpus *Ad Prosequendum*. *United States v. Amado*, D. R.I. No. 1:96CR00072 at docket entry #27. Petitioner was sentenced to an aggregate of 151 months' imprisonment in the BOP, "to be served concurrently with the federal sentence that [Petitioner] is currently serving." (Docket entry #5, Ex. 2.)

After all of Petitioner's appearances in federal court, he was returned to Rhode Island state authorities. (Docket entry #5, Declaration of Daniel Stevenson at ¶ 6.) On January 23, 1998, he was sentenced to a total of ten years' imprisonment, with eight of the ten years suspended, following a *nolo contendre* plea in Rhode Island Superior Court No. P2964148A. (Docket entry #5, Ex. 3.) The "effective date" of the sentence in the state-court Judgment and Commitment order is listed September 10, 1996. (Docket entry #5, Ex. 3.)

According to BOP records, Petitioner completed his state prison sentence on April 22, 1998, and was returned to the custody of the United States Marshal. (Docket entry #5, Declaration of Daniel Stevenson at ¶ 7.) On June 15, 1998, the United States Marshal delivered Petitioner into the

custody of BOP. The docket entries in both of Petitioner's federal cases reflect that the respective Judgments were executed on June 15, 1998. *See United States v. Amado*, D. R.I. No. 1:93CR00031 at docket entry #34; *United States v. Amado*, D. R.I. No. 1:96CR00072 at docket entry #43.

BOP officials determined that Rhode Island state authorities had awarded Petitioner with continuous credit on his state sentence from the date of his arrest on September 10, 1996. Moreover, BOP officials calculated Petitioner's federal sentence to begin on April 22, 1998, when Petitioner was transferred from Rhode Island authorities to the United States Marshal.

On February 10, 2003, Petitioner filed an administrative complaint in which he argued that he should be credited for the "2 years" he spent in custody, after his federal sentence was imposed. In support of his position, Petitioner cited *Barden v. Keohane*, 921 F.2d 476 (3d Cir.1990).[4] Some time in April of 2003, BOP wrote United States District Judge Ernest C. Torres, the sentencing judge in *United States v. Amado*, D. R.I. No. 1:96CR00072, and asked if he intended Petitioner's federal sentence to run concurrent with his state sentence. Judge Torres's June 5, 2003 written response was as follows:

> The direct answer to your question is that, at the time I sentenced Mr. Amado, I had no intent as to whether his sentence should be consecutive or concurrent to his state sentence because the state sentence was not imposed until after the federal sentence.
>
> If your question is whether I have any objection to the [BOP] making a *nunc pro tunc* designation that would allow Mr. Amado's federal sentence to be served concurrently, it is difficult for me to answer that question because I do not recall the details of Mr. Amado's case. All that I can say is that I can think of no reason why I would object.

(Docket entry #12, Ex. 2.)

---

[4] In *Barden*, the Third Circuit held that the BOP can, in its discretion, designate a state prison as a place of federal confinement "*nunc pro tunc.*" *Barden*, 921 F.2d at 481.

After being denied administrative relief, Petitioner filed an administrative appeal. On July 5, 2006, BOP informed Petitioner that "your request for a [*nunc pro tunc*] designation was denied, by the South Central Regional Office, because of your prior offense conduct, and the fact that your current custody term arose out of a violation of your supervised release term."

On August 18, 2006, Petitioner initiated this habeas action (docket entry #2) in which he argues that the BOP abused its discretion in denying him a *nunc pro tunc* designation. Respondent argues that its decision was within its discretion.

For the reasons discussed below, the Court concludes that Petitioner's argument is without merit. Thus, the Court recommends that the Petition for Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice.

## II. Discussion

In support of his argument that the BOP abused its discretion in denying him a *nunc pro tunc* designation, Petitioner asserts the following: (1) he was under a "federal hold" when arrested on September 10, 1996; (2) his federal PSR indicated that he was "held without bail"; (3) he was not properly credited with federal jail credit from the date of his arrest on September 10, 1996; (4) the state sentencing judge ordered the state sentence to run concurrently with his federal sentence; and (5) the federal sentencing judge had no objection to the *nunc pro tunc* designation.

The primary thrust of Petitioner's argument seems to be that, following his arrest on September 10, 1996, on state charges, he somehow should be deemed to have been continuously in federal custody.[5] Because it was state authorities--not federal authorities–who had primary custody

---

[5] In making this argument, Petitioner does not mention the fact that he was arrested on *state charges* on September 10, 1996.
    Petitioner's federal PSR is arguably inconsistent in also reciting the federal charges against

6

over Petitioner on and after September 10, 1996, there is simply *nothing* in the record which supports Plaintiff's contention that he was in federal custody from that date forward. While Petitioner correctly points out that there was a "federal hold" on his custody, this fact has no bearing on Petitioner's status as a state detainee.[6]

Importantly, all of Petitioner's appearances in federal court were secured by writs of habeas corpus *ad prosequendum*. The use of these writs makes it clear that Petitioner was only "on loan" to federal authorities and, once Petitioner was sentenced in federal court, the United States Marshal recognized the "primary" jurisdiction of the state by returning Petitioner to Rhode Island authorities. *See United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002) ("A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."); *Wallace v. Hamidullah*, 2006 WL 752851 (D. S.C. March 22, 2006) ("the state retains primary jurisdiction over the prisoner when a prisoner appears in court pursuant to a writ of habeas corpus *ad prosequendum* . . . . Federal custody does not commence until the state authority relinquishes the prisoner upon satisfaction of the state obligation").

Under 18 U.S.C. § 3585(a), a defendant's federal sentence begins when he "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." However, a defendant held through

---

Petitioner, indicating his "date of arrest" as September 10, 1996, and that Petitioner was "held without bail." Petitioner reads this provision of the PSR to indicate that he was in federal custody on September 10, 1996. However, the docket entries in *United States v. Amado*, D. R.I. No. 1:96CR00072 reflect that Petitioner was not indicted until October 3, 1996, with an arrest warrant issued the next day. *United States v. Amado*, D. R.I. No. 1:96CR00072 at docket entries #1 and #2.

[6]The federal arrest warrant issued on October 4, 1996, after the return of Petitioner's federal indictment on October 3, 1996, served as a detainer on Petitioner in the event he might someday be released from state custody.

a writ of habeas corpus *ad prosequendum* is not "in custody" under 18 U.S.C. § 3585(a). *See United States v. Fermin*, 252 F.3d 102, 108 n.10 (2d Cir. 2001). Thus, Petitioner's federal sentence began when Rhode Island authorities relinquished him to the U. S. Marshal on April 22, 1998, after he had completed serving his state sentence.[7]

Nonetheless, 18 U.S.C. § 3621(b) gives the BOP discretion to designate a state institution as the place for service of the federal sentence.[8] This statute lists five factors to guide the BOP in the exercise of its discretion: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. *See* 18 U.S.C. § 3621(b)(1)-(5).

The BOP has adopted Program Statement 5160.05 in order to "provide instructions for the

---

[7]The Court notes that, on January 23, 1998, the Rhode Island state court imposed a net two-year sentence "effective September 10, 1996." State authorities obviously gave Petitioner credit for the time he spent in custody since September 10, 1996, because he was released from state custody on April 22, 1998, only *three months after* the entry of the state-court Judgment and Commitment Order. Because Petitioner was awarded state credit for this time, awarding Petitioner federal credit would be double-counting. *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."); *United States v. Wilson*, 503 U.S. 329, 337 (1992) (§ 3585(b) makes clear that a defendant cannot receive double credit for detention time).

[8]Specifically, 18 U.S.C. § 3621(b) allows the BOP the discretion to select the place of a federal prisoner's confinement, stating that the BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . [regardless of] whether [the facility is] maintained by the Federal Government or otherwise . . . , that [BOP] determines to be appropriate and suitable." 18 U.S.C. § 3621(b).

designation of a state institution for concurrent service of a federal sentence." Docket entry #5, Ex. 4 at ¶1. Under the program statement, a "designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." *Id.* at ¶ 8. When presented with a *nunc pro tunc* request where "concurrent service may be appropriate (*e.g.*, the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term)," the Program Statement first requires that the BOP make an inquiry to the original federal sentencing court to ascertain the court's intent. *Id.* at ¶ 9.

Petitioner contends that the state court intended for the state sentence to run concurrent with the federal sentence.[9] While Petitioner cites to no evidence in the record to support this contention, the BOP does not dispute Petitioner's position. However, even if the Court assumes, for the sake of argument, that the state sentencing court did intend for the state sentence to run concurrent with the federal sentence, it is irrelevant for purposes of determining the consecutive or concurrent character of the federal sentence. *See Hendrix v. Norris*, 81 F.3d 805 (8th Cir. 1996) ("the state court [is not] responsible for the federal court's imposition of a consecutive sentence: the discretion of a federal sentencing court cannot be limited by a state court's judgment") (citing *United States v. Adair*, 826 F.2d 1040, 1041 (11th Cir. 1987)); *United States v. Williams*, 46 F.3d 57, 58 (10th Cir. 1995) ("Although the state court attempted to impose a concurrent sentence, a federal court's determination that a federal sentence run consecutive to a state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing.")

---

[9]The state court Judgment and Commitment Order is silent on the issue.

Because Petitioner's federal Judgment and Commitment Order was silent as to its consecutive or concurrent character regarding the yet-to-be-imposed state sentence, BOP appropriately attempted to ascertain the federal sentencing court's intent. In response, United States District Judge Ernest C. Torres indicated that, while he had no objection to a concurrent designation, he had no intent one way or the other at the time of sentencing because the state-court sentence was not yet imposed.[10] BOP's ultimate decision turned on Petitioner's "prior offense conduct, and the fact that your current custody term arose out of a violation of your supervised release term." There is no indication that the BOP failed to exercise its discretion, considered an improper factor, or failed to consider a proper factor. Thus, the Court concludes that BOP gave full and fair consideration to Petitioner's request for a *nunc pro tunc* designation.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket entry #1) be DENIED, and the case DISMISSED, WITH PREJUDICE.

Dated this 15th day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[10]Petitioner notes that, in his federal PSR, the probation office recommended that the federal sentence for his probation revocation and the federal sentence for the drug charges run consecutive to one another. Judge Torres rejected this recommendation in ordering the two federal sentences to run concurrently. Petitioner infers from this ruling that Judge Torres must have intended for the federal sentences to run concurrent to the yet-to-be-imposed state sentence. However, Judge Torres's June 5, 2003 letter refutes any such intention.